914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles D. MCGAHEE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-6579.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a social security case in which the claimant, Charles D. McGahee, appeals a summary judgment upholding the Secretary's denial of supplemental security income and disability insurance benefits. The claimant, who has problems with his neck and back, contends that the administrative law judge who denied the claim at the administrative level committed a series of errors that included (1) relying on opinion testimony elicited by a hypothetical question not supported by the evidence; (2) not giving proper weight to testimony regarding the claimant's psychological impairments; and (3) improperly evaluating the claimant's subjective complaints of pain. Finding none of these contentions persuasive, we shall affirm the judgment.
 
 
 2
 The opinion testimony in question was given by a vocational expert. The ALJ first asked the witness about a situation where the claimant could stand for four hours, sit for six, or sit and/or stand for six. This question was based on a November 1984 report from Dr. Donald Saelinger, the claimant's treating physician. The witness replied that such restrictions would prevent "any kind of full-time, competitive employment unless we went to ... a six-day work week." The ALJ then altered the parameters of the question to allow for six hours of sitting and standing or walking for two to four hours. The witness answered that with those restrictions, the claimant could perform a full range of sedentary work.
 
 
 3
 Although no doctor reported the precise restrictions posed in the second hypothetical, the ALJ relied on the answer to this hypothetical in his decision: "Ms. Taylor [the vocational expert] stated that, if the medical assessment made by Dr. Saelinger is accepted regarding the claimant's ability to sit up to six hours and to stand and walk up to four hours, the claimant is able to do at least a full range of sedentary work." The ALJ subsequently clarified his statement by noting that according to Dr. Saelinger, the claimant "is able to engage in six hours of sitting or four of standing and walking during the course of a day." (Emphasis supplied.) The claimant would have us substitute "and" for "or" in this statement, but we decline to do so.
 
 
 4
 It is true that the ALJ's second hypothetical question did not conform to Dr. Saelinger's 1984 report. The question was not unsupported by substantial evidence, however, because Dr. Richard T. Sheridan, a board-certified orthopedic surgeon who consulted on this case, found only a four-hour restriction on standing and walking, and no restriction on sitting.
 
 
 5
 The claimant argues that the ALJ implicitly rejected Dr. Sheridan's report, but we do not believe he did so. On the contrary, the ALJ explicitly credited Dr. Sheridan's report, citing it immediately after noting Dr. Saelinger's report of three years earlier. The ALJ did not reject Dr. Saelinger's report, but he evidently concluded that, as the objective evidence suggests, Mr. McGahee's condition has improved with time and treatment.
 
 
 6
 The claimant also contends that the Secretary failed to give proper weight to testimony regarding Mr. McGahee's psychological problems. He submits that the ALJ relied too heavily on the medical advisor, Dr. Glenn M. Weaver, and not enough on Mr. Jack Richter, a psychological social worker whom the claimant consulted. Mr. Richter said there was no evidence that Mr. McGahee was faking his physical complaints. But as the ALJ noted, there was a sharp conflict in the medical evidence on the issue of Mr. McGahee's mental condition. Dr. Robert W. Noelker found the claimant completely disabled by a mental impairment. Dr. Michael T. Farrell found that the claimant suffered from depression, but was free of psychopathology. Dr. Donald I. George found no significant psychiatric disease or emotional problem other than a quick temper. Dr. Weaver opined at the hearing that the claimant's mental impairment did not meet or equal a listing. The fact that the ALJ ultimately accepted the views of Dr. Weaver and Dr. Farrell does not mean that he weighed the testimony improperly.
 
 
 7
 The claimant also argues that his subjective complaints of pain were mishandled by the ALJ. For the reasons stated in the magistrate's thorough report, McGahee v. Sullivan, No. 89-66, slip op. at 7-10 (E.D.Ky. Aug. 28, 1989) (Hood, Mag.), we cannot reject the conclusion reached by the ALJ on this score.
 
 
 8
 AFFIRMED.